UNITED STATES of America, Plaintiff,

v.

Kenneth Ray JOHNSTON, Huey V. Griffin and Beverly Ann Popejoy, Defendants.

No. CR–76–264–C.

United States District Court, W. D. Oklahoma.

Nov. 19, 1976.

---

* It is intended by this Court that such process include any certiorari action involved.

David L. Russell, U. S. Atty., Oklahoma City, Okl., for plaintiff.

Arnold D. Fagin, Oklahoma City, Okl., for defendant Johnston.

## ORDER

DAUGHERTY, Chief Judge.

Defendant Kenneth R. Johnston has filed a Motion to Suppress certain evidence to which plaintiff has filed a Response in opposition. On November 19, 1976, the Court conducted an evidentiary hearing on said Motion, and arguments of counsel for both parties were heard. The instant Motion relates to a pistol which was seized by the Oklahoma City Police Department from the trunk of a car driven by the defendant Johnston.

The evidence reveals that on October 20, 1976, the Oklahoma City Police Department received word that the Bank of Newcastle, Newcastle, Oklahoma, had been robbed. The Police then advised their scout car drivers that a 1967 Oldsmobile with California license tag UWG733 was involved in the robbery, and its driver, Kenneth Ray Johnston, was a suspect. Later that same day, Police Officer Gilbert Hogue observed the vehicle, followed it for some distance, and then followed it to Mary's Steak House on Southwest 29th in Oklahoma City. Police Officer Hogue testified that after defendant Johnston pulled into the driveway of the Steak House, he observed the police car pulling in behind him and thereafter ran to the rear of the Steak House where he was then apprehended by Police Officer Hogue. Johnston was placed under arrest as a suspect in the bank robbery case. Shortly thereafter, another Police Officer, Nathan Pyle, arrived at the scene. Officer Pyle impounded the defendant's vehicle as possible evidence in the Newcastle bank robbery, and he along with the Police Department wrecker driver proceeded to inventory the items inside the automobile. The testimony of Officer Hogue and Officer Pyle indicates that such an inventory of an impounded vehicle is a routine police procedure for the purpose of protecting the police against allegations of misappropriating any property found therein. During the inventory of the trunk of the car, Officer Pyle found a pistol which the Government now intends to use as evidence at the defendant's trial.

In argument, the defendant Johnston contends that:

(1) The police did not have probable cause to arrest the defendant; and

(2) Even if probable cause was present, that the weapon seized was a product of an illegal search.

The Court finds that the Officer had probable cause to arrest defendant Johnston without an arrest warrant based on the information he possessed concerning the defendant's participation in the robbery of the Newcastle Bank and the use of the automobile seized in that robbery.

The test of probable cause as to the arrest applied in the Tenth Circuit is found in *United States v. Troutman,* 458 F.2d 217 (10th Cir. 1971), in which the Court stated:

"It has been held that to constitute probable cause for an arrest [without warrant] it must be shown that at the time the officer makes the arrest, the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are such as would warrant a prudent man in believing that the person to be arrested has committed an offense."

The Police Officer who made the arrest had earlier in the day of the arrest been advised by his superiors that Kenneth Johnston had been involved in the robbery of the Bank of Newcastle, and that an automobile bearing license tags, California UWG733, was used in the robbery. With this information, Police Officer Hogue observed the car in question driving down an Oklahoma City street, and he subsequently made the arrest. This constitutes ample probable cause on behalf of the Officer to make the arrest and in compliance with *United States v. Troutman.*

**162**

The defendant next contends that the search of the vehicle was improper and that a search warrant should have been obtained. Contrary to this contention, the United States Supreme Court in *South Dakota v. Opperman,* 19 Cr.L. 3314 (1976) has held that the Fourth Amendment does not preclude a routine police inventory which reveals an evidentiary matter. See also *United States v. Pennington,* 441 F.2d 249 (5th Cir. 1971). The evidence reveals that the sole purpose for the search of the car was to obtain an inventory of property in the car owned by the defendant prior to its impoundment so as to insure its safe-keeping. Such an inventory is not in violation of the defendant's Fourth Amendment rights.

■ Additionally, the evidence indicates that the defendant Johnston fled the vehicle when he first observed the police following him. By abandoning the vehicle, the defendant also abandoned his right to protection of the property under the Fourth Amendment. See *United States v. Edwards,* 441 F.2d 749 (5th Cir. 1971).

Accordingly, the Court concludes that the inventory of the automobile by the Police Department was not improper and the Court will allow the introduction of the evidence obtained from such search.

It is so ordered this 19 day of November, 1976.